Kent J. Schmidt (SBN 195969)
*schmidt.kent@dorsey.com*
**DORSEY & WHITNEY LLP**
600 Anton Boulevard, Suite 2000
Costa Mesa, CA 92626-7655
Telephone: (714) 800-1400
Facsimile: (714) 800-1499

Fara S. Sunderji (*pro hac vice* application forthcoming)
*sunderji.fara@dorsey.com*
**DORSEY & WHITNEY LLP**
51 West 52nd Street
New York, NY 10019
Telephone: (212) 415-9200
Facsimile: (212) 953-7201

*Additional Counsel Listed at Signature Block*

Attorneys for Plaintiffs Harpo, Inc. and OW
Licensing Company, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARPO, INC. and OW LICENSING COMPANY, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> EMBLAZE ONE INC., LIMITLESS X INC., JASPREET MATHER, KENNETH HALLER and JOHN DOES 1-30, <br><br> Defendants. | CASE NO: _____ |

COMPLAINT

4864-9915-4792\1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## COMPLAINT

Plaintiffs, Harpo, Inc. ("Harpo") and OW Licensing Company, LLC ("OW") (collectively "Plaintiffs"), by and through their undersigned attorneys, hereby sue Defendants Emblaze One Inc., Limitless X Inc., Jaspreet Mather, Kenneth Haller and John Does 1-30 (collectively, "Defendants") and allege:

## NATURE OF ACTION

1.      Plaintiffs are privately held companies transacting business, *inter alia*, in the entertainment and media industries.  Plaintiffs were founded by Ms. Oprah Winfrey.  Ms. Winfrey is one of the most well-known media personalities and entrepreneurs in America.  Her fame is so extensive that she is instantly recognized by her first name Oprah alone.

2.      Simply being associated with Ms. Winfrey and/or the OPRAH brand has, in many cases, led to an exponential increase in a product's sales.  This has been colloquially referred to as the "The Oprah Effect" or "The O Factor," as was examined in the 2009 documentary on CNBC titled The Oprah Effect.

3.      For this reason, among others, Ms. Winfrey is fiercely protective of her name, image and the OPRAH brand.  Her reputation depends, in part, on the quality of the products and services she recommends, which she does only after careful consideration and vetting, through Plaintiffs.

4.      This action arises from the unauthorized use of Ms. Winfrey's celebrity, name, and/or the OPRAH brand to sell gummies, including "weight loss" gummies and CBD gummies.  When consumers see advertisements like this one, the only logical conclusion is that Ms. Winfrey and/or her company signed off on the use of "Oprah Keto Pills" and the pills do in fact work:



5.     The unlawful actions of Defendants amount to a willful and conscious disregard for Plaintiffs' rights and are intentionally designed to capitalize on the goodwill, celebrity and/or fame associated with Ms. Winfrey and/or the OPRAH brand.

6.     By this action, Plaintiffs, the holder of all relevant rights in Ms. Winfrey's name, likeness and persona as well as the OPRAH brand, seek to hold accountable the persons and entities that have duped legions of unsuspecting consumers and illegally profited off of Ms. Winfrey's name and/or the OPRAH brand to promote and sell "weight loss" gummies and CBD gummies.

## THE PARTIES

7.     Plaintiff Harpo is an Illinois corporation, with its principal place of business at 2029 Century Park East, Suite 1530N, Los Angeles, California 90067.  Harpo is the owner of the OPRAH family of trademarks

8.     Plaintiff OW is a Delaware limited liability company, with its principal place of business at 2029 Century Park East, Suite 1530N, Los Angeles, California 90067.  OW is the holder of the rights of publicity of Ms. Oprah Winfrey, including but

not limited to the relevant rights in Ms. Winfrey's name, image and likeness.  OW has the right to assert and enforce Ms. Winfrey's rights of publicity.

9.      Upon information and belief, Defendant Emblaze One Inc.  ("Emblaze") is a Nevada corporation with the following associated addresses 4935 McConnell Avenue, Unit 3, Los Angeles, CA 90666; 9454 Wilshire Blvd., Suite 300, Beverly Hills, California 90212; 10000 Santa Monica Blvd, Suite PH401, Los Angeles, California 90067; and 1801 Century Park East, 24th Floor, Los Angeles 90067.

10.     Upon information and belief, Defendant Limitless X Inc.  ("Limitless") is an unregistered corporation with the following associated addresses 4935 McConnell Avenue, Unit 3, Los Angeles, CA 90666; 9454 Wilshire Blvd., Suite 300, Beverly Hills, California 90212 and 10000 Santa Monica Blvd, Suite PH401, Los Angeles, California 90067.

11.     Upon information and belief, Defendant Jaspreet Mathur is the Chief Executive Office of Defendant Emblaze.  Upon information and belief, defendant is doing and transacting business throughout the State of California.

12.     Upon information and belief, Defendant Kenneth Haller is the President of Defendant Emblaze. Upon information and belief, defendant is doing and transacting business throughout the State of California.

13.     Plaintiffs are unaware of the true names and capacities of defendants, whether individual, corporate, associate or otherwise named herein as Does 1 through 30 inclusive, and therefore sues said defendants by such fictitious names (the "Doe Defendants").  Plaintiffs will seek leave to amend this Complaint to state when their true names and capacities are ascertained.  The named defendants together with the Doe Defendants are collectively herein referred to as the "Defendants".

## JURISDICTION AND VENUE

14.     Harpo's claims arise under the Trademark Act of 1946, 15 U.S.C. §1051, et seq. (the "Lanham Act") and under California State law.

15.     This Court has original jurisdiction over Harpo's Lanham Act pursuant to

15 U.S.C. §§ 1114, 1121, 1125 and 28 U.S.C. §§ 1331 and 1338.

16.     This Court has supplemental jurisdiction over the claims in this Complaint which arise under state law and common law claims pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case and/or controversy and derive from a common nucleus of operative facts.

17.     Upon information and belief, this Court has personal jurisdiction over Defendants because they intentionally direct business activities towards and conduct business with consumers throughout the United States, including within the State of California and in this District, through at least e-commerce stores, social media and websites.

18.     Venue is proper in the United States District Court for the Central District of California under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this judicial District.

19.     Specifically, Defendants are engaging in the below described unlawful activities which are directed, in part, to and causing harm within this District including advertising, promoting, marketing, offering to sell, selling, or directly causing the sale and/or shipping of falsely endorsed products into this District.

## FACTUAL BACKGROUND

### MS. WINFREY'S FAME

20.     Ms. Oprah G. Winfrey is an internationally recognized media personality and entrepreneur.  As a celebrity, Ms. Winfrey rose to fame in the 1980's as a talk show host.

21.     Since that time, Ms. Winfrey has built a media empire and is also recognized as a taste maker.  On an annual basis, she puts out a carefully curated list of OPRAH'S FAVORITE THINGS. Being associated with Ms. Winfrey has, in many cases, led to an exponential increase in a product's sales.

22.     Over the years, Ms. Winfrey has aligned herself with many reputable companies.  She is currently an investor and a member of the board of WW International,

Inc., formerly Weight Watchers.

23.     Through the Oprah Winfrey Show, O Magazine and Oprah Daily, among other content, Ms. Winfrey has continuously covered topics such as lifestyle, health, and nutrition.  She has long encouraged her fans to live a healthy lifestyle.

24.     As a result of Ms. Winfrey's fame, her name (including her first name when used alone), image, likeness, and persona enjoy widespread recognition and hold significant commercial value.  Plaintiff OW controls the right to her name, likeness and persona for commercial purposes.

25.     Accordingly, OW engages in deliberate consideration prior to permitting the commercial use of Ms. Winfrey's name, image, likeness or persona, to ensure that she is associated only with reputable products, services and/or companies, and to ensure that the value of her name, image, likeness and persona is not diminished either by association with products, services and/or companies which she does not personally support and/or by over-saturation of her name and image.

26.     Ms. Winfrey will not voluntarily appear nor will OW allow the use of her name, likeness, or persona in any media for a company or product that has not been vetted and carefully selected based on Ms. Winfrey's personal values and beliefs.  When Ms. Winfrey endorses a company or product, OW is entitled to and receives compensation that is commensurate with the value of the exploitation of Ms. Winfrey's name, image, likeness, and persona, and protects from any potential diminution in value deriving from the commercial use of Ms. Winfrey's publicity rights.

**HARPO'S TRADEMARKS**

27.     The OPRAH brand rose to prominence in earnest in 1986, with the premiere of *The Oprah Winfrey Show* ("*TOWS*").  Over the decades, Harpo and/or its predecessor(s) in interest have and continue to market and/or offer branded entertainment services, media services, educational services and/or related goods and services under the OPRAH and related trademarks.  Harpo also licenses the OPRAH family of trademarks after careful consideration and vetting to make sure the products and/or services meet the

brand's standards.

28.     While the final episode of *TOWS* aired on television in 2011 after twenty-five successful seasons, the OPRAH brand continues to grow and has been associated with other television shows, the OWN television network, magazines, a podcast series, a book club, films, social media content, live events around the country, and various other forms of media and entertainment goods and/or services.  Over the past thirty-five-plus years, the OPRAH brand has become well-known and famous.

29.     Harpo is the owner of a family of OPRAH trademarks, including, but not limited to common law marks and the following marks registered with the United States Patent and Trademark Office:

| Mark | Reg. No. | Reg.  Date | Goods/Services |
| --- | --- | --- | --- |
| OPRAH | 1726373 | October 20, 1992 | "entertainment services rendered through the medium of television in the nature of a variety talk show series" in International Class 41 |
| OPRAH | 2521889 | December 25, 2001 | "Computer services, namely, information via a web site featuring information on the subject matter of Applicant's television programs, films and videos, food and books via the Internet" in International Class 41, "Computer services, namely, information via a web site featuring health, nutrition, fitness, volunteerism for charities, charitable work and philanthropic lifestyles via the Internet" in International Class 42 |
| *(OPRAH in script font)* | 3377275 | March 30, 2010 | "Providing an Internet website featuring information in the field of charitable services, namely, volunteer programs and community service projects; providing an Internet website promoting public awareness of environmental issues and initiatives" in International Class 35, "Providing an Internet website featuring information in the field of personal finance and charitable causes, namely, philanthropic monetary donation programs" in International Class 36, "Providing an Internet website featuring |

| Mark | Reg. No. | Reg. Date | Goods/Services |
|------|----------|-----------|----------------|
| | | | information in the field of home improvement" in International Class 37, "Providing an Internet website featuring information in the field of travel" in International Class 39, "Providing an Internet website featuring information in the field of entertainment, books and book clubs, education, human interest stories and topics, and party planning, and featuring information on the subject matter of Applicant's television programs and radio programs; providing an Internet website featuring information in the field of exercise" in International Class 41, "Providing an Internet website featuring information in the field of home decorating" in International Class 42, "Providing an Internet website featuring recipes and cooking information" in International Class 43, "Providing an Internet website featuring information in the field of beauty, health, wellness and prevention, and weight loss" in International Class 44, "Providing an Internet website featuring information in the field of self improvement, lifestyle, relationships, and fashion" in International Class 45 |
| OPRAH.COM | 3765841 | March 30, 2010 | "Entertainment services rendered through the medium of television, namely, a series of programs involving book discussion groups, and meetings and discussions with authors, relating to books, authors and reading; computer on-line services, namely, providing an Internet website featuring interactive book discussions and entertainment and educational information relating to books, authors and reading" in International Class 41 |
| THE OPRAH WINFREY SHOW | 2638506 | October 22, 2002 | "Entertainment services rendered through the medium of television in the nature of a variety talk show series; and computer services, namely, providing information via an Internet web site featuring information on the subject matter of Applicant's television programs, |

| Mark | Reg. No. | Reg. Date | Goods/Services |
|---|---|---|---|
| | | | films and videos, food, and books" in International Class 41, "Computer services, namely, providing information via an Internet web site featuring health, nutrition, fitness, volunteerism for charities, charitable work and philanthropic lifestyles" in International Class 42 |
| OPRAH'S BOOK CLUB | 3246379 | May 29, 2007 | "Series of fiction and non-fiction books in the fields of lifestyle, fitness, family, beauty, nutrition, diet, romance, relationships, history and fashion; newsletters featuring information on book clubs" in International Class 16, and "Entertainment services rendered through the medium of television, namely, a series of programs involving book discussion groups, and meetings and discussions with authors, relating to books, authors and reading; computer on-line services, namely, providing an Internet website featuring interactive book discussions and entertainment and educational information relating to books, authors and reading" in International Class 41 |
| OPRAH'S FAVORITE THINGS | 3078245 | April 11, 2006 | "Entertainment services rendered through the medium of television, namely, an ongoing series of variety television programs featuring the goods and services of others" in International Class 41 |
| OPRAH'S FAVORITE THINGS | 5093766 | December 6, 2016 | "Providing a website featuring consumer information about the goods and services of others via the internet; Providing on-line web directory services featuring hyperlinks to websites for goods and services of others; Providing shoppers' guide information" in International Class 35, and "Providing a website featuring on-line non-downloadable articles in the field of curated list of the goods and services of others" in International Class 41 |
| OPRAH'S LIFECLASS | 4219210 | October 2, 2012 | "Entertainment services, in the nature of an on-going television series in the fields of human behavior, relationships, self-help, spirituality, personal growth and |

| Mark | Reg. No. | Reg. Date | Goods/Services |
|---|---|---|---|
| | | | motivation, personal finance, philanthropic efforts and volunteerism; educational services, namely, providing information on the Internet and on-line seminars in the fields of human behavior, relationships, self-help, spirituality, personal growth and motivation, personal finance, philanthropic efforts and volunteerism" in International Class 41 |
| OPRAH'S NEXT CHAPTER | 4321765 | April 16, 2013 | "Entertainment services, namely, an on-going television series in the fields of human behavior, relationships, self-help, spirituality, personal growth and motivation, personal finance, philanthropic efforts and volunteerism; Entertainment media production services for television and Internet; Providing entertainment information via websites and web pages; Providing on-line interviews with celebrities, athletes, politicians and other noteworthy persons for entertainment purposes" in International Class 41 |
| OPRAH'S SUPER SOUL CONVERSATIONS | 5642150 | January 1, 2019 | "Entertainment services, namely, providing podcasts in the field of human behavior, relationships, religion, faith, spirituality, wellness and conscious living, personal fulfillment, personal growth and motivation" in International Class 41 |
| OPRAH'S THE LIFE YOU WANT | 6428495 | July 20, 2021 | "Providing a web site featuring information relating to fitness; Providing on-line newsletters in the field of nutrition, weight loss, health, wellness and fitness via email" in International Class 41, and "Providing a website featuring information about health, wellness, nutrition and weight loss" in International Class 44 |
| OPRAH MEDIA GROUP | 5304997 | October 10, 2017 | "Media buying services for others, namely, advising the client how much media time, and at what times the client should be purchasing advertising; market media research and media marketing consultation; agencies for advertising time and space, namely, planning, buying and negotiating commercial contracts for |

9

| Mark | Reg. No. | Reg. Date | Goods/Services |
|---|---|---|---|
| | | | advertising and media space and time for others; business management and consulting services in the field of advertising, marketing communications, interactive and digital media, media planning and buying for advertising; market research and market analysis; Advertising services via digital and online mediums; advertising agency services" in International Class 35, and "Entertainment media production services for television and Internet; Entertainment services, namely, development, creation, recordation, production, postproduction and distribution of monoscopic and stereoscopic, electronic and digital audio and video programs, radio programs, television programs, and telefilms; production services, namely, the provision of sound stage facilities services for producing video, cinema and photography productions" in International Class 41 |
| OPRAH WINFREY NETWORK | 4368870 | July 16, 2013 | "Communications services, namely, transmitting streamed sound and audio-visual recordings via the Internet, cable networks, wireless networks, satellite, or interactive multimedia networks; audio and video broadcasting services over the Internet; transmission of information in the audio-visual field; television broadcasting services; cable television broadcasting; satellite television broadcasting; mobile media services in the nature of electronic transmission of entertainment media content; podcasting services; webcasting services; video-on-demand transmission services; providing on-line chat rooms and electronic bulletin boards for transmission of messages among users in the field of general interest" in International Class 38 |
| OPRAH WINFREY NETWORK | 4368871 | July 16, 2013 | "Entertainment services, namely, multimedia programs in the field of general human interest, distributed via various platforms across multiple |

| Mark | Reg. No. | Reg. Date | Goods/Services |
|---|---|---|---|
| | | | forms of transmission media; providing entertainment information regarding ongoing television programs via a global computer network; production of television programs; production of multimedia programs" in International Class 41 |
| OPRAH WINFREY NETWORK | 4526018 | May 6, 2014 | "note pads; stickers" in International Class 16 |
| OPRAH WINFREY PRESENTS BELIEF | 5114356 | January 3, 2017 | "Educational and entertainment services, namely, programs about spirituality, religion and faith accessible by means of television, satellite, audio, video, web-based applications, mobile phone applications, computer networks and other wireless communications networks" in International Class 41 |
| OPRAH WINFREY SCHOLARS PROGRAM | 6754689 | June 7, 2022 | "Providing educational scholarships" in International Class 36 |
| O (the letter O in a particular font and style) | 5348132 | December 5, 2017 | "beach towels, bath towels, textile napkin" in International Class 24. |
| O (the letter O in a particular font and style) | 5343107 | November 28, 2017 | "Collars and leashes for pets, pet clothing; tote bags and beach tote bags; handbags, duffel bags, duffel bags on wheels, luggage, luggage tags, umbrellas" in International Class 18 |

These registrations are valid and subsisting, and Registration Nos. 1726373, 2521889, 3377275, 3765841, 2638506, 3246379, 3078245, 4219210, 4321765, 4368870, 4368871 and 4526018 are incontestable under 15 U.S.C. § 1065.  True and accurate copies of the aforementioned trademark registrations are attached collectively as Exhibit A.

30.    In addition to these federally registered marks, as well as a large portfolio of trademark registrations around the globe, Harpo owns common law rights in each of the trademarks identified above, as well as in all variations of OPRAH that Harpo has used in connection with entertainment and educational services, media properties, and related products and services (collectively, hereinafter, the "OPRAH Family of Marks").

31.    The OPRAH Family of Marks have been extensively advertised and

promoted in various media in the United States, including through the OPRAH.COM website (https://www.oprah.com/), various mobile applications, and social media sites such as Facebook, Instagram, Twitter, and YouTube such that the public perceives the use of all OPRAH formative marks and any associated use of an O mark as an indication of source uniquely pointing to Harpo.

32.     The OPRAH mark is distinctive and famous within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and uniquely associated by consumers with Harpo, its services and products, and Ms. Winfrey, both in the State of California and the United States as a whole.  The OPRAH mark serves as a strong source identifier by virtue of its long use, extensive promotion and long history with American consumers, and entitled to the widest scope of protection under federal and state anti-dilution laws.

33.     By virtue of its use and federal trademark registrations, Harpo has the exclusive right to use the OPRAH Family of Marks, and to prevent the use of any marks confusingly similar or dilutive thereto.

**DEFENDANTS' UNAUTHORIZED ACTIVITIES**

34.     Upon information and belief, Defendant Emblaze, Defendant Limitless, Defendant Mather and Defendant Haller in concert with the Doe Defendants have intentionally and conspicuously used Ms. Winfrey's name and the OPRAH brand for the purpose of advertising, marketing, promoting and offering to sell and causing to be sold unauthorized products.

35.     Upon information and belief, Defendants have been advertising, marketing, promoting and offering to sell and causing to be sold unauthorized products under the name "Oprah Winfrey Keto Gummies."

36.     Upon information and belief, Defendants have been advertising, marketing, promoting and offering to sell and causing to be sold unauthorized products via a false and misleading advertisement titled "Oprah Winfrey Keto Gummies Review 2023:  Does it Work?"

37.    True and correct screen shots of advertisements for Defendants' products using Ms. Winfrey's name and the OPRAH mark is shown below:





38.     Upon information and belief, Defendants have been advertising, marketing, promoting and offering to sell and causing to be sold unauthorized products via a false

and misleading advertisement titled "Oprah Keto Pills Free Trial More Effective For Weight Loss."

39.     True and correct screen shots of advertisements for Defendants' products using Ms. Winfrey's name and the OPRAH mark are shown below:





40.     Upon information and belief, Defendants have been advertising, marketing, promoting and offering to sell and causing to be sold unauthorized products via Google Sponsored Links.

41.     True and correct screen shots of advertisements for Defendants' products using Ms. Winfrey's name and the OPRAH mark are shown below:

 

42.     Upon information and belief, Defendants have been advertising, marketing, promoting and offering to sell and causing to be sold unauthorized CBD gummies via the URL https://www.urhealthbooster.com/order-oprah-winfrey-cbd-gummies.

43.     Upon information and belief, Defendants have been advertising, marketing, promoting and offering to sell and causing to be sold unauthorized products via a false and misleading advertisement titled "Online Pills Shop Oprah Winfrey CBD Gummies Amazon !"

44.   True and correct screenshots of advertisements for Defendant' products using Ms. Winfrey's name and the OPRAH mark are shown below:

Online Pills Shop
Oprah Winfrey CBD Gummies Amazon !
Abhi May 3, 2022
  Min Read
➢ Product Name – Oprah Winfrey CBD Gummies

➢Main Benefits –  Improve Health

➢ Composition – Natural Organic Compound

➢ Side-Effects – NA

➢ Rating – ★★★★★

➢ Supplement Type – Gummy

➢ Availability – Online (Exclusive Offers on Official Website)

➢ Where to Buy- [Site Official]>>Click Here to Rush Your Order from Official Website

➢ SALE IS LIVE NOW [ CLICK HERE ] – https://www.urhealthbooster.com/order-oprah-winfrey-cbd-gummies

➤ Price (for Sale) Buy Now Here

➤ Price (for Sale) Buy Now Here

➤ Price (for Sale) Buy Now Here

➤ Price (for Sale) Buy Now Here

What are Oprah Winfrey CBD Gummies?

Oprah Winfrey CBD Gummies are a full spectrum CBD supplement extracted from 100% pure CBD oil. The oil has been

sourced from the organic hemp plant, cultivated without herbicides or pesticides.

The CBD gummies will not cause any ill side effects as the ingredients are all-natural, and CBD is proven to relieve body pain.

Apart from that, the CBD gummies have been manufactured in a strict sterile condition to ensure the supplement is of high

quality.

[==> Click Here To Buy Now With Special Offer <==]

How Does Oprah Winfrey CBD Gummies Work?

The first thing you have to know is that the endocannabinoid system in your body ensures that your body is functioning well. It

regulates sleep, pain, cognitive function, and eating. Its receptors bind well with CBD oil, which is why the Oprah Winfrey CBD

Gummies can help eliminate stress, anxiety, pain, etc.

The pure and organic CBD oil found in this supplement regulates your ECS, allowing it to address various body conditions. It works so well because it can be readily absorbed into your bloodstream to help trigger positive stress and inflammatory response.

Ingredients Involved in Oprah Winfrey CBD Gummies

Oprah Winfrey CBD Gummies are the most powerful gummies which contain organic and herbal ingredients and it does not contain any chemical in them which makes them safe and effective for your usage. All the ingredients are mentioned on the back of its bottle and you must read them once some of the main ingredients are Green Tea Extract, Garcinia Cambogia, Hemp Plant Extract, Lavender Oil, and other effective ingredients. You will only get benefits with the use of this formula and you must try them once without any hesitation.

Oprah Winfrey CBD Gummies Benefits

You will get many benefits with the use of Oprah Winfrey CBD Gummies as it is a chemical-free naturally designed product that is suitable for all and a few of the benefits are mentioned below:-

- It boosts your metabolism, digestion, and immunity power
- It reduces joint and chronic pain in your body
- It gives you higher strength, energy, and stamina
- It solves the problem of insomnia and makes you sleep properly
- It reduces the problem of depression and anxiety
- It releases all the stress from your mind and makes you happy
- It gives you strong bones and healthy

Pros:-

- Formed with the help of herbal and natural ingredients
- Does not gives you any side effects as it is a chemical-free product
- Boosts your confidence level
- Easy to buy and use
- Comes at a reasonable price

Cons:

- Excess intake is harmful to your health
- Lactating and expecting ladies should avoid it
- Below 18 years should not use it
- Stock is limited as compared to the demand
- Not found in the local area market
- Never consume the expired product
- Don't take it with any other product

Harmful Side Effects

No, you will not get any side effects with the use of Oprah Winfrey CBD Gummies as this formula is chemical-free and contains only herbal and natural ingredients through which your physical and mental health will get better. It is harmful if you consume

an excess dose of it and this formula only gives you benefits you must consult your doctor once before starting using this formula.

[>> Click Here to Oprah Winfrey CBD Gummies From The Official Website Now <<]

How to Take Oprah Winfrey CBD Gummies?

Oprah Winfrey CBD Gummies are quite powerful gummies that improve your health in a short period. You need to take one gummy in a day for one month without missing a single dose and if you take it for more than 2 to 3 months then you will gain more benefits also. This formula is harmful if you consume an excess dose of it and you must check its bottle for knowing more about this formula and you must follow them all.

Where to Buy Oprah Winfrey CBD Gummies?

Oprah Winfrey CBD Gummies are available online and you need to order your pack from its official website. You need to fill in all the asked details for booking your pack and once you complete all the steps properly your order will get booked and delivered to your home in a few working days. It comes at a reasonable price and you must order your pack right now.

Package 1 –Buy 3 bottles get 2 free @ $39.74/bottle & Free Shipping

Package 2 –Buy 2 bottles get 1 free @ $49.97/bottle& Free Shipping

Package 3 –Buy 1 bottle @ $60.04 & Pay $5.95 Shipping Free

Tags:-

Oprah Winfrey CBD Gummies

Oprah Winfrey CBD Gummies US,

Oprah Winfrey CBD Gummies Amazon,

Oprah Winfrey CBD Gummies Shark Tank

Oprah Winfrey CBD Gummies Diet,

Oprah Winfrey CBD Gummies Formula,

Oprah Winfrey CBD Gummies Ingredients,

Oprah Winfrey CBD Gummies Pills,

Oprah Winfrey CBD Gummies Benefit,

Oprah Winfrey CBD Gummies Reviews,

Oprah Winfrey CBD Gummies Scam,

Oprah Winfrey CBD Gummies Uses,

Oprah Winfrey CBD Gummies Website,

Oprah Winfrey CBD Gummies Order,

Oprah Winfrey CBD Gummies Where to buy,

Oprah Winfrey CBD Gummies How To Use

Get in Bottle-[Sale Is Live Now] -Click Here To Rush My Order Official Website]

45.    Upon information and belief, Defendants have no substantiation to demonstrate that their "weight loss" gummies perform as advertised and upon information and belief, such products not perform as advertised.

46.    Upon information and belief, the "weight loss" gummies shipped to Plaintiffs' representative after viewing Defendants' false advertisements using the OPRAH mark and Ms. Winfrey's name contained lead, arsenic, and cadmium.

47.    Upon information and belief, Defendants' entire purpose in using Ms. Winfrey's name and the OPRAH mark is to mislead and confuse consumers as to the source and/or sponsorship of its products, and ultimately sell more unauthorized products.

48.    At no time did Plaintiffs give permission to Defendants to use Ms. Winfrey's name, any other publicity rights or the OPRAH mark to promote, advertise, market, offer to sell, sell or cause to be sold Defendants' products.  Nor have Plaintiffs been compensated for Defendants' unauthorized commercial use of Ms. Winfrey's name, publicity rights or the OPRAH mark.

49.    Such unauthorized acts harm Plaintiff OW by damaging Ms. Winfrey's rights of publicity and her credibility.  Such authorized acts further harm Plaintiff Harpo by irreparably damaging the OPRAH brand.

50.    Equally as important, such unauthorized acts damage the consumers who are tricked into purchasing Defendants' products as a result of the unauthorized use of Ms. Winfrey's name, rights of publicity and the OPRAH brand.

51.    Harpo has no adequate remedy at law.

## CLAIMS FOR RELIEF

## FIRST CAUSE OF ACTION

### FEDERAL TRADEMARK DILUTION
### 15 U.S.C. § 1125(c)
### (by Plaintiff Harpo)

52.    Plaintiffs restate and incorporate by reference each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

53.     The OPRAH mark is distinctive and famous, and it is widely recognized by the general consuming public in the United States as a designation of the source of goods and services of Plaintiff Harpo, the company owned by Ms. Winfrey, and/or those authorized or sponsored by Harpo.

54.     The OPRAH mark has been used for decades, and is so nationally and globally recognized and associated with Harpo as the source of quality goods and services that the OPRAH mark is entitled to be recognized as famous and distinctive under 15 U.S.C. §1125(c).

55.     The OPRAH mark has come to have a secondary meaning indicative of origin, relationship, sponsorship and/or association with Harpo and its distinctive reputation.  The purchasing public is likely to attribute to Harpo, Defendants' use of OPRAH as a source of origin, authorization and/or sponsorship for their products, and to purchase such products in the erroneous belief that Defendants are associated with, sponsored by or affiliated with Harpo when in fact, Defendants are not.

56.     Harpo has not authorized or licensed the use of the OPRAH mark to Defendants.

57.     Defendants' unauthorized use of the OPRAH mark dilutes the distinctive quality of the OPRAH mark, and harms the reputation of Harpo's famous mark in violation of Section 43(a) of the Lanham Act, 15 U.S.C § 1125(c).

58.     The acts and conduct of Defendants alleged herein occurred after Harpo's OPRAH mark became famous and continues dilution by blurring and dilution by tarnishment in violation of Section 43(a) of the Lanham Act, 15 U.S.C § 1125(c).

59.     Upon information and belief, Defendants' acts of dilution and tarnishment are willful, deliberate, and in bad faith.

60.     Defendants' acts and conduct have injured Harpo and will continue to cause immediate and irreparable injury to Harpo, to its goodwill and reputation, and to the public, and will continue to threaten such injury unless enjoined by this Court.

61.     Harpo is entitled to injunctive relief and to recover Harpo's actual damages

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

62.     and an award of profits, as well as costs and reasonable attorney's fees, under 15 U.S.C. §§ 1025(c), 1116, and 1117.

63.     Harpo has no adequate remedy at law.

## SECOND CAUSE OF ACTION

**FEDERAL TRADEMARK INFRINGEMENT**
**15 U.S.C. § 1114(1)**
**(by Plaintiff Harpo)**

64.     Plaintiffs restate and incorporate by reference each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

65.     Defendants' conduct constitutes trademark infringement of Harpo's OPRAH Family of Marks in violation of Section 32(a) of the Lanham Act, 15 U.S.C. § 1114.

66.     Defendants' actions are willful and reflect an intent to confuse consumers and profit from the goodwill and consumer recognition associated with Harpo and its OPRAH Family of Marks.

67.     Harpo has been, and will continue to be, damaged and irreparably harmed by the actions of Defendants, which will continue unless Defendants are enjoined by this Court.  Harpo is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

68.     Harpo is also entitled to actual monetary damages in an amount to be determined at trial, and to any profits made by Defendants in connection with their infringing activities.

69.     Defendant's infringement of the registered OPRAH Family of Marks is deliberate, willful, and without extenuating circumstances, and constitutes a knowing use of Harpo's trademarks.  Defendant's infringement is thus an "exceptional case" within the meaning of section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).  Harpo is therefore entitled to recover three times the amount of its actual damages and the attorneys' fees and costs incurred in this action, as well as prejudgment interest.

1

2

3

**THIRD CAUSE OF ACTION**

**UNFAIR COMPETITION, FALSE DESIGNATION AND SPONSORSHIP**
**15 U.S.C. § 1125(a)(1)(A)**
**(by Plaintiffs Harpo and OW)**

4

5

70.     Plaintiffs restate and incorporate by reference each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

6

7

8

9

10

11

12

13

14

71.     Defendants' use of Ms. Winfrey's name and/or persona and the use of the OPRAH trademark to promote, advertise, market and offer for sale their products are without authority or permission of Harpo and such use is likely to cause confusion, to cause mistake and/or to deceive consumers within the State of California and throughout the United States.  Defendants' unauthorized use of Plaintiff's name, likeness, and/or persona and the OPRAH mark constitutes a false designation of origin, a false or misleading description and representation of fact, which is likely to cause confusion and to cause mistake, and to deceive as to the affiliation, connection, sponsorship, or association of Defendants with Harpo.

15

16

17

72.     Defendants' conduct constitutes unfair competition and the use of false designations of origin in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

18

19

20

73.     Defendants' actions are willful and reflect an intent to confuse consumers and profit from the goodwill and consumer recognition associated with Ms. Winfrey's name, likeness, and/or persona, Harpo and the OPRAH Family of Marks.

21

22

23

74.     Harpo has been, and will continue to be, damaged and irreparably harmed by the actions of Defendants, which will continue unless Defendants are enjoined by this Court.  Harpo is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

24

25

26

75.     Harpo is also entitled to actual monetary damages in an amount to be determined at trial and to any profits made by Defendants in connection with its unfairly competitive activities.

27

28

76.     Defendants' unfair competition and false designation of origin are deliberate, willful, and without extenuating circumstances.  Defendants' conduct is thus

an "exceptional case" within the meaning of Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).  Harpo is therefore entitled to recover three times the amount of action damages and the attorneys' fees and costs incurred in this action, as well as prejudgment interest.

**FOURTH CAUSE OF ACTION**

**FALSE ADVERTISING**
**15 U.S.C. § 1125(a)(1)(B)**
**(by Plaintiff OW)**

77.     Plaintiffs restate and incorporate by reference each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

78.     Defendants use Ms. Winfrey's name and/or persona as described herein without Harpo's authority in order to create the perception that Ms. Winfrey (a) endorses, sponsors, or is affiliated with, Defendants' products and/or (b) consent to or authorizes Defendants to use Ms. Winfrey's name and/or persona to advertise, promote, and market their products.

79.     Ms. Winfrey's name is prominently displayed in the advertisements, which include links leading consumers to the website to purchase the products in question.

80.     Defendants' use of Ms. Winfrey's name and/or persona to advertise, promote and market their products as described herein is false and misleading.

81.     Defendants' unauthorized use of Ms. Winfrey's name and/or persona as described herein constitutes false advertising by suggesting or implying, among other things, that Ms. Winfrey sponsors or endorses the products, or consents to or authorizes the use of her name and/or persona in connection with the advertisement, promotion, and marketing of the products.

82.     Defendants' false advertising described above likely confuses consumers as to whether Ms. Winfrey has a part in the manufacturing, sponsoring, or endorsement of the products.

83.     Defendants' unauthorized use of Ms. Winfrey's name and/or persona as described herein willfully violates 15 USC § 1125(a)(1)(B).

84.    Plaintiff has no adequate remedy at law and has sustained irreparable injury and damage caused by Defendants' conduct.  Absent an entry of an injunction by this Court, Defendants will continue to wrongfully reap profits and Plaintiffs will continue to suffer irreparable injury to the goodwill and reputation of Ms. Winfrey, as well as monetary damages.

### FIFTH CAUSE OF ACTION

### COMMON LAW TRADEMARK INFRINGEMENT
**(by Plaintiff Harpo)**

85.    Plaintiffs restate and incorporate by reference each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

86.    Harpo owns valid common law trademark rights in the OPRAH mark and the Oprah Family of Marks for use in connection with a wide variety of products and services.

87.    The public has come to recognize the OPRAH mark and the Oprah Family of Marks as exclusively identify Harpo, and the marks are famous at least in the United States.

88.    Defendants have infringed Harpo's trademarks by using marks identical or confusingly similar thereto to advertise and promote Defendants' products.

89.    Defendants' unauthorized use of Harpo's trademark is likely to confuse and deceive consumers as to the origin, sponsorship, and/or endorsement of Defendants' products.  Specifically, Defendants' use of Harpo's trademarks is likely to cause consumers to mistakenly believe that Ms. Winfrey is associated with Defendants and/or that she or Harpo sponsors or endorses Defendants' products.

90.    As a direct and proximate result of the act of common law trademark infringement describe above, Harpo has suffered actual damage in an amount to be proven at trial.

91.     Defendants' conduct has been wanton, willful and undertaken in reckless disregard for the superior rights of the Harpo such that Harpo is entitled to an award of punitive damages.

## SIXTH CAUSE OF ACTION

### COMMON LAW UNFAIR COMPLETION

92.     Plaintiffs restate and incorporate by reference each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

93.     Defendants' bad faith conduct constitutes unfair competition in violation of California common law.

94.     Defendants' conduct has been wanton, willful and undertaken in reckless disregard for the superior rights of the Plaintiff.

## SEVENTH CAUSE OF ACTION

### UNAUTHORIZED COMMERCIAL USE OF NAME
### CAL. CIV. CODE § 3344
### (By Plaintiff OW)

95.     Plaintiffs restate and incorporate by reference each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

96.     OW is the owner of the rights of publicly in Ms. Winfrey's name, image, likeness, and persona for all relevant purposes.

97.     Defendants have willfully and without authorization used Ms. Winfrey's name for commercial purposes to promote the sale of "weight loss" gummies and CBD gummies.

98.     Defendants' unauthorized use of Ms. Winfrey's name constitutes a commercial misappropriation in violation of Section 3344 of the California Civil Code.

99.     As a direct and proximate result of Defendants' wrongful conduct, OW has suffered, and will continue to suffer, damages in an amount to be proven at trial.

100.    Defendants have further been unjustly enriched by their misappropriation of Ms. Winfrey's statutory right of publicity.  Accordingly, OW is entitled to restitution of all income, profits, and other benefits resulting from Defendants' conduct, in an amount

to be determined according to proof at trial.

101.  Defendants' actions as alleged herein were malicious, oppressive, and fraudulent, and done with the intent to injure OW and with a willful and conscious disregard for OW's rights.  As a result, OW is entitled to recover from Defendants punitive and exemplary damages in an amount sufficient to punish and deter them and others from engaging in such acts in the future.

## EIGHTH CAUSE OF ACTION

### VIOLATION OF COMMON LAW RIGHT OF PUBLICITY
**(By Plaintiff OW)**

102.  Plaintiffs restate and incorporate by reference each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

103.  OW is the owner of the common law rights of publicly in Ms. Winfrey's name, image, likeness, and persona for all relevant purposes.

104.  Defendants have willfully and without authorization used Ms. Winfrey's name for commercial purposes.

105.  Defendants' unauthorized behavior constitutes a violation of California common law rights of publicity.

106.  As a direct and proximate result of Defendants' wrongful conduct, OW has suffered, and will continue to suffer, damages in an amount to be proven at trial.

107.  Defendants have further been unjustly enriched by their misappropriation of Ms. Winfrey's statutory right of publicity.  Accordingly, OW is entitled to restitution of all income, profits, and other benefits resulting from Defendants' conduct, in an amount to be determined according to proof at trial.

108.  Defendants' actions as alleged herein were malicious, oppressive, and fraudulent, and done with the intent to injure OW and with a willful and conscious disregard for OW's rights.  As a result, OW is entitled to recover from Defendants punitive and exemplary damages in an amount sufficient to punish and deter them and others from engaging in such acts in the future.

## **PRAYER FOR RELIEF**

WHEREFORE, Harpo respectfully prays that this Court enters judgment in their favor and against Defendants and provide the following relief:

1. Entering judgment declaring that:

   a. Defendants' use of the OPRAH mark constitutes dilution by blurring and tarnishment in violation of 15 U.S.C. §1125(c);

   b. Harpo's OPRAH marks have been and continue to be infringed by Defendants in violation of 15 U.S.C. §1114(1);

   c. Defendants use of the OPRAH mark constitutes unfair competition in violation of 15 U.S.C. §1125(a);

   d. Defendants' use of the OPRAH mark constitutes trademark infringement and under California common law; and

   e. Defendants' use of Ms. Winfrey's name and/or persona constitutes a violation of California statutory and common law rights of publicity;

2. An order prohibiting and permanently enjoining Defendants, any officers, agents, subsidiaries, servants, partners, employees, attorneys, and all others in active concert or participation with them, from:

   a. using the OPRAH Family of Marks and any marks confusingly similar thereto, whether as a standalone brand or as part of another designation of source;

   b. using, imitating and/or copying Ms. Winfrey's name, likeness, and/or persona in connection with the promotion, marketing, advertising, selling or offering to sell any products;

   c. making unauthorized use of Ms. Winfrey's name, likeness, and/or persona, in connection with the sale of any goods;

   d. falsely representing themselves as being connected with Plaintiff or Ms. Winfrey, through sponsorship or association, or engaging in any act that is likely to falsely cause members of the trade and/or of the purchasing

public to believe any goods or services of Defendants, are in any way endorsed by, approved by, and/or associated with Plaintiff or Ms. Winfrey; and

e. affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent Defendants' goods as being those of Plaintiff or Ms. Winfrey, or in any way endorsed by Plaintiff or Ms. Winfrey and from offering such goods in commerce; from engaging in search engine optimization strategies using colorable imitations of the OPRAH mark and/or Ms. Winfrey's name and from otherwise unfairly competing with Harpo.

3. Requiring Defendants, their officers, agents, subsidiaries, servants, partners, employees, attorneys, and all others in active concert or participation with them, to deliver up for destruction all marketing materials or other materials in their possession or control that bear the OPRAH mark or other names or marks that infringe the OPRAH Family of Marks.

4. Directing Defendants to file with the Court and serve on counsel for Plaintiff, within thirty days after entry of any injunction issued by the Court in this action, a sworn written statement as provided in 15 U.S.C. § 1116.

5. Awarding Plaintiff all profits, enrichments, including punitive damages, and advantages derived from those Defendants' use of Ms. Winfrey's name and/or persona pursuant to Cal. Civ. Code § 3344 and Plaintiff OW's common law right of publicity.

6. Awarding Plaintiff reasonable attorneys' fees, costs, expenses, and interest pursuant to 15 U.S.C. § 1117(a), and other applicable law.

7. Awarding Plaintiff damages in the amount sufficient to compensate it for harm caused by the Defendants' acts.

8. Awarding Plaintiff the cost necessary to correct any erroneous impression the

consuming public may have received or derived concerning the nature, characteristics, or qualities of Defendants' products, including without limitation, the placement of corrective advertising and providing notice to the public.

9. Ordering an accounting of Defendants' profits earned as a result of Defendants' unlawful activities and disgorging all of said profits to Harpo.

10. Awarded three times Defendants' profits and three times Harpo's damages suffered as a result of Defendants' willful, intentional, and deliberate acts in violation of the Lanham Act.

11. Awarding Plaintiff prejudgment and post judgment interest.

12. Granting such other and further relief as the Court deems appropriate and just under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

Dated: June 7, 2023

Respectfully Submitted,

By: */s/ Kent J. Schmidt*
DORSEY & WHITNEY LLP
Kent J. Schmidt
600 Anton Boulevard, Suite 2000
Costa Mesa, CA 92626-7655
Phone: (714) 800-1445

DORSEY & WHITNEY LLP
Fara S. Sunderji (*pro hac vice* application forthcoming)
51 West 52nd Street
New York, NY 10019
Phone: (212) 415-9200

DORSEY & WHITNEY LLP
John Marti (*pro hac vice* application forthcoming)
Caitlin Hull (*pro hac vice* application forthcoming)
50 South Sixth Street
Suite 1500
Minneapolis, MN 55402
Phone: (612) 340-2600

*Attorneys for Plaintiffs Harpo, Inc. and OW Licensing Company, LLC*