MICHAEL A. DiNARDO (#216991)
(mdinardo@yklaw.us)
YK LAW, LLP
445 S. FIGUEROA ST, SUITE 2280
LOS ANGELES, CA, 90071
Office: 213-401-0970 x1008

SAMUEL BLATNICK (PHV forthcoming)
(sblatnick@lucbro.com)
ANNE MELTON (PHV pending)
(amelton@lucbro.com)
LUCOSKY BROOKMAN LLP
101 WOOD AVE S, 5TH FLOOR
WOODBRIDGE, NJ 08830
Office: 732-395-4400

Attorneys for Defendants
EMBLAZE ONE INC., LIMITLESS X INC.,
JASPREET MATHER and KENNETH HALLER

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARPO, INC. and OW LICENSING COMPANY LLC, <br><br> Plaintiffs, <br><br> v. <br><br> EMBLAZE ONE INC., LIMITLESS X INC., JASPREET MATHER, KENNETH HALLER and JOHN DOES 1 – 30, <br><br> Defendants. | Case No. 2:23-cv-04459-JGB-AS <br><br> **ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES** <br><br> **JURY DEMAND** |

Defendants EMBLAZE ONE, INC., LIMITLESS X, INC., JASPREET MATHER, and KENNETH HALLER ("Defendants"), by and through their undersigned counsel, hereby submit the following Answer and Affirmative Defenses to Plaintiffs HARPO, INC. and OW LICENSING COMPANY, LLC's ("Plaintiffs") Complaint filed June 7, 2023 (the "Complaint").  To the extent that any allegation is not admitted or denied herein, Defendants deny any and all such allegation(s).

## NATURE OF ACTION

1.      Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 1 of the Complaint and therefore deny same.

2.      Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 2 of the Complaint and therefore deny same.

3.      Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 3 of the Complaint and therefore deny same.

4.      Defendants deny the allegation that they used Ms. Winfrey's celebrity, name, and/or brand to sell products.  Defendants lack knowledge or information sufficient to either admit or deny the other allegations in Paragraph 4 of the Complaint and therefore deny same.

5.      Defendants deny that any alleged actions were unlawful, willful, intentional, or otherwise undertaken maliciously, knowingly, intentionally or with conscious disregard for Plaintiffs' rights.  Defendants deny the allegations in Paragraph 5 of the Complaint.

6.      Defendants deny the allegations that they "duped" consumers and "illegally profited" off of Ms. Winfrey's name.  Defendants lack knowledge or information sufficient to either admit or deny the other allegations in Paragraph 6 of the Complaint and therefore deny same.

# THE PARTIES

7.     Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 7 of the Complaint and therefore deny same.

8.     Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 8 of the Complaint and therefore deny same.

9.     Defendants admit that Emblaze One is a Nevada corporation. Defendants affirmatively state that Emblaze's principal place of business is located at 9454 Wilshire Blvd., Suite 300, Beverly Hills, California 90212.  Defendants deny that Emblaze is associated with the other addresses alleged in Paragraph 9 of the Complaint.

10.     Defendants affirmatively state that Limitless X is a Nevada corporation with its principal place of business located at 9454 Wilshire Blvd., Suite 300, Beverly Hills, California 90212.  Defendants deny that Limitless X is associated with the other addresses alleged in Paragraph 9 of the Complaint.

11.     Defendants admit that Mr. Mathur is the CEO of Emblaze, which is headquartered in and does business out of California.

12.     Defendants affirmatively state that Mr. Haller is the President of Limitless X Holdings, Inc., the parent company of Defendant Limitless X.  Mr. Haller has no role with either Defendant Emblaze or Limitless X. Defendants deny the allegations of paragraph 12 of the Complaint.

13.     Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 13 of the Complaint and therefore deny same.

# JURISDICTION AND VENUE

14.     Paragraph 14 of the Complaint contains legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 14 of the Complaint.

15.     Paragraph 15 of the Complaint contains legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 15 of the Complaint.

16.     Paragraph 16 of the Complaint contains legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 16 of the Complaint.

17.  Paragraph 17 of the Complaint contains legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 17 of the Complaint.

18.     Paragraph 18 of the Complaint contains legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 18 of the Complaint.

19.     Defendants deny that they are engaging in unlawful conduct.  Further, Paragraph 19 of the Complaint contains legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 19 of the Complaint.

## FACTUAL BACKGROUND

**MS. WINFREY'S FAME**

20.     Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 20 of the Complaint and therefore deny same.

21.     Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 21 of the Complaint and therefore deny same.

22.     Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 22 of the Complaint and therefore deny same.

23.     Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 23 of the Complaint and therefore deny same.

24.     Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 24 of the Complaint and therefore deny same.

25.     Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 25 of the Complaint and therefore deny same.

26.     Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 26 of the Complaint and therefore deny same.

## HARPO'S TRADEMARKS

27.     Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 27 of the Complaint and therefore deny same.

28.     Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 28 of the Complaint and therefore deny same.

29.     Defendants acknowledge that Plaintiffs attached what appear to be copies of Plaintiff Harpo's identified trademark registrations as Exhibit A. Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 29 of the Complaint, including the chart in Paragraph 29 of the Complaint and Exhibit A, and therefore deny same.

30.     Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 30 of the Complaint and therefore deny same.

31.     Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 31 of the Complaint and therefore deny same.

32.     Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 32 of the Complaint and therefore deny same.

33.     Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 33 of the Complaint and therefore deny same.

**DEFENDANTS' UNAUTHORIZED ACTIVITIES**

34.     Defendants deny that any alleged actions were undertaken intentionally or conspicuously as to Plaintiffs.  Defendants deny the allegations in Paragraph 34 of the Complaint.

35.     Defendants deny the allegations in Paragraph 35 of the Complaint.

36.     Defendants deny the allegations in Paragraph 36 of the Complaint.

37.     Defendants acknowledge that Plaintiffs incorporated what purport to be screen shots of advertisements for products alleged to be Defendants'. Defendants deny the allegations in Paragraph 37 of the Complaint.

38.     Defendants deny the allegations in Paragraph 38 of the Complaint.

39.     Defendants acknowledge that Plaintiffs incorporated what purport to be screen shots of advertisements for products alleged to be Defendants'. Defendants deny the allegations in Paragraph 39 of the Complaint.

40.     Defendants deny the allegations in Paragraph 40 of the Complaint.

41.     Defendants acknowledge that Plaintiffs incorporated what purport to be screen shots of advertisements for products alleged to be Defendants'. Defendants deny the allegations in Paragraph 41 of the Complaint.

42.     Defendants deny the allegations in Paragraph 42 of the Complaint.

43.     Defendants deny the allegations in Paragraph 43 of the Complaint.

44.     Defendants acknowledge that Plaintiffs incorporated what purport to be screen shots of advertisements for products alleged to be Defendants'. Defendants deny the allegations in Paragraph 44 of the Complaint.

45.     Defendants deny the allegations in Paragraph 45 of the Complaint.

46.     Defendants deny the allegations in Paragraph 46 of the Complaint.

47.     Defendants deny the allegations in Paragraph 47 of the Complaint.

48.     Defendants deny the allegations in Paragraph 48 of the Complaint.

49.     Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 49 of the Complaint and therefore deny same.

50.    Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 50 of the Complaint and therefore deny same.

51.    Paragraph 51 of the Complaint contains legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 51 of the Complaint.

## CLAIMS FOR RELIEF
### FIRST CAUSE OF ACTION
### FEDERAL TRADEMARK DILUTION
### 15 U.S.C. § 1125(c)
### (by Plaintiff Harpo)

52.    Defendants incorporate their responses to each of the preceding paragraphs by reference as if fully set forth herein.

53.    Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 53 of the Complaint and therefore deny same. Further, Paragraph 53 of the Complaint contains legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 53 of the Complaint.

54.    Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 54 of the Complaint and therefore deny same. Further, Paragraph 54 of the Complaint contains legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 54 of the Complaint.

55.    Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 55 of the Complaint and therefore deny same. Further, Paragraph 55 of the Complaint contains legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 55 of the Complaint.

56.     Paragraph 56 of the Complaint contains legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 56 of the Complaint.

57.     Paragraph 57 of the Complaint contains legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 57 of the Complaint.

58.     Paragraph 58 of the Complaint contains legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 58 of the Complaint.

59.     Paragraph 59 of the Complaint contains legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 59 of the Complaint.

60.     Paragraph 60 of the Complaint contains legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 60 of the Complaint.

61.     Paragraph 61 of the Complaint contains legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 61 of the Complaint.

62.     Paragraph 62 of the Complaint contains legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 62 of the Complaint.

63.     Paragraph 63 of the Complaint contains legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 63 of the Complaint.

### SECOND CAUSE OF ACTION
### FEDERAL TRADEMARK INFRINGEMENT
### 15 U.S.C. § 1114(1)
### (by Plaintiff Harpo)

64.     Defendants incorporate their responses to each of the preceding paragraphs by reference as if fully set forth herein.

65.     Paragraph 65 of the Complaint contains legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 65 of the Complaint.

66.     Defendants deny that any alleged actions were willful or reflect an intention with regard to Plaintiffs' rights.  Defendants deny the allegations in Paragraph 66 of the Complaint.  Further, Paragraph 66 of the Complaint contains legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 66 of the Complaint.

67.     Paragraph 67 of the Complaint contains legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 67 of the Complaint.

68.     Paragraph 68 of the Complaint contains legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 68 of the Complaint.

69.     Defendants deny the allegations in Paragraph 69 of the Complaint.  Further, Paragraph 69 of the Complaint contains legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 69 of the Complaint.

## THIRD CAUSE OF ACTION
## UNFAIR COMPETITION, FALSE DESIGNATION AND SPONSORSHIP
## 15 U.S.C. § 1125(a)(1)(A)
### (by Plaintiffs Harpo and OW)

70.     Defendants incorporate their responses to each of the preceding paragraphs by reference as if fully set forth herein.

71.    Paragraph 71 of the Complaint contains legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 71 of the Complaint.

72.    Paragraph 72 of the Complaint contains legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 72 of the Complaint.

73.    Defendants deny that any alleged actions were willful or reflect an intention with regard to Plaintiffs' rights.  Defendants deny the allegations in Paragraph 73 of the Complaint.  Further, Paragraph 73 of the Complaint contains legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 73 of the Complaint.

74.    Paragraph 74 of the Complaint contains legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 74 of the Complaint.

75.    Paragraph 75 of the Complaint contains legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 75 of the Complaint.

76.    Paragraph 76 of the Complaint contains legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 76 of the Complaint.

## FOURTH CAUSE OF ACTION
## FALSE ADVERTISING
## 15 U.S.C. § 1125(a)(1)(B)
## (by Plaintiff OW)

77.    Defendants incorporate their responses to each of the preceding paragraphs by reference as if fully set forth herein.

78.    Defendants deny the allegations in Paragraph 78 of the Complaint. Further, Paragraph 78 of the Complaint contains legal conclusions for which no

response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 78 of the Complaint.

79.     Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 79 of the Complaint and therefore deny same. Further, Paragraph 79 of the Complaint contains legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 79 of the Complaint.

80.     Paragraph 80 of the Complaint contains legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 80 of the Complaint.

81.     Paragraph 81 of the Complaint contains legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 81 of the Complaint.

82.     Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 82 of the Complaint and therefore deny same. Further, Paragraph 82 of the Complaint contains legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 82 of the Complaint.

83.     Paragraph 83 of the Complaint contains legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 83 of the Complaint.

84.     Paragraph 84 of the Complaint contains legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 84 of the Complaint.

# FIFTH CAUSE OF ACTION
## COMMON LAW TRADEMARK INFRINGEMENT
### (by Plaintiff Harpo)

85.     Defendants incorporate their responses to each of the preceding paragraphs by reference as if fully set forth herein.

86.     Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 86 of the Complaint and therefore deny same. Further, Paragraph 86 of the Complaint contains legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 86 of the Complaint.

87.     Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 87 of the Complaint and therefore deny same. Further, Paragraph 87 of the Complaint contains legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 87 of the Complaint.

88.     Paragraph 88 of the Complaint contains legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 88 of the Complaint.

89.     Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 89 of the Complaint and therefore deny same. Further, Paragraph 89 of the Complaint contains legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 89 of the Complaint.

90.     Paragraph 90 of the Complaint contains legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 90 of the Complaint.

91.     Defendants deny the allegations in Paragraph 91 of the Complaint. Further, Paragraph 91 of the Complaint contains legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 91 of the Complaint.

## SIXTH CAUSE OF ACTION
## COMMON LAW UNFAIR COMPLETION

92.     Defendants incorporate their responses to each of the preceding paragraphs by reference as if fully set forth herein.

93.     Paragraph 93 of the Complaint contains legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 93 of the Complaint.

94.     Defendants deny that any allegedly unlawful conduct was wanton or willful, or undertaken knowingly, intentionally, or in reckless disregard for Plaintiffs. Paragraph 91 of the Complaint contains legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 91 of the Complaint.


## SEVENTH CAUSE OF ACTION
## UNAUTHORIZED COMMERCIAL USE OF NAME
## CAL. CIV. CODE § 3344
## (By Plaintiff OW)

95.     Defendants incorporate their responses to each of the preceding paragraphs by reference as if fully set forth herein.

96.     Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 96 of the Complaint and therefore deny same. Further, Paragraph 96 of the Complaint contains legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 96 of the Complaint.

97.     Defendants deny that any allegedly unlawful conduct was willful or otherwise undertaken knowingly or intentionally.  Further, Paragraph 97 of the Complaint contains legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 97 of the Complaint.

98.     Paragraph 98 of the Complaint contains legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 98 of the Complaint.

99.     Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 99 of the Complaint and therefore deny same. Further, Paragraph 99 of the Complaint contains legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 99 of the Complaint.

100.    Paragraph 100 of the Complaint contains legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 100 of the Complaint.

101.    Defendants deny that any allegedly unlawful conduct was malicious, willful, or otherwise undertaken knowingly or intentionally or with disregard for Plaintiffs.  Further, Paragraph 97 of the Complaint contains legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 97 of the Complaint.

### EIGHTH CAUSE OF ACTION
### VIOLATION OF COMMON LAW RIGHT OF PUBLICITY
### (By Plaintiff OW)

102.    Defendants incorporate their responses to each of the preceding paragraphs by reference as if fully set forth herein.

103.    Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 103 of the Complaint and therefore deny same.  Further, Paragraph 103 of the Complaint contains legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 103 of the Complaint.

104.    Defendants deny that any allegedly unlawful conduct was willful or otherwise undertaken knowingly or intentionally.  Further, Paragraph 104 of the

Complaint contains legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 104 of the Complaint.

105.   Paragraph 105 of the Complaint contains legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 105 of the Complaint.

106.   Paragraph 106 of the Complaint contains legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 106 of the Complaint.

107.   Paragraph 107 of the Complaint contains legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 107 of the Complaint.

108.   Defendants deny that any allegedly unlawful conduct was malicious, willful, or otherwise undertaken knowingly or intentionally or with disregard for Plaintiffs.  Further, Paragraph 108 of the Complaint contains legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 108 of the Complaint.

**PLAINTIFFS' PRAYER FOR RELIEF**

Defendants deny that Plaintiffs are entitled to any of the relief requested in the Complaint's Prayer for Relief.

**AFFIRMATIVE DEFENSES**

**FAILURE TO STATE A CLAIM**

1.   Plaintiffs have failed to state a claim upon which relief may be granted against Defendants.

**LACHES**

2.      Plaintiffs' claims are barred in whole or in part by the doctrine of laches.  Upon information and belief, Plaintiffs failed to invoke their alleged legal rights or otherwise act for an extended period of time and it would be inequitable for Plaintiffs to be granted the extensive relief they seek against Defendants.

**ESTOPPEL**

3.      Plaintiffs' claims are barred in whole or in part by the doctrine of equitable estoppel.  Upon information and belief, Defendants relied on Plaintiffs' representations to the detriment of Defendants and it would be inequitable for Plaintiffs to be granted the extensive relief they seek against Defendants.

**FAILURE TO MITIGATE**

4.      Plaintiffs' claims are barred in whole or in part by Plaintiffs' failure to mitigate any of the alleged damages resulting from Defendants' alleged conduct. Upon information and belief, Plaintiffs' failure to mitigate is the direct cause of the extensive relief they are seeking against Defendants.

Defendants expressly reserve the right to seek to amend and/or supplement their Affirmative Defenses as may be necessary.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants EMBLAZE ONE INC., LIMITLESS X INC., JASPREET MATHER and KENNETH HALLER pray for judgment on the claims of the Complaint as follows:

1.      That the Complaint be dismissed with prejudice as to all allegations and claims;

2.     That Plaintiffs take nothing and be denied any relief whatsoever by their claims;

3.     That Defendants be awarded their costs in connection with their defense against the Complaint;

4.     That the Court finds this to be an exceptional case under 15 USC §1117 and that Defendants be awarded their reasonable attorneys' fees; and

5.     That Defendants be granted such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated:  April 19, 2024          Respectfully Submitted,

By:___/s/ Michael A DiNardo_____
   Michael A. DiNardo, Esq.
YK LAW LLP

Samuel Blatnick, Esq. (PHV forthcoming)
Anne Melton, Esq. (PHV pending)
LUCOSKY BROOKMAN LLP

Attorneys for Defendants Emblaze One Inc., Limitless X Inc., Jaspreet Mather and Kenneth Haller

### **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record, who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system. Any other counsel of record will be served by electronic mail, facsimile transmission and/or first-class mail on this same date.

*/s/ Michael A. DiNardo*
Michael A. DiNardo