1
2
3
4
5
6
7
8

**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (Bar No. 226112)
Jeffrey M. Rosenfeld (Bar No. 222187)
Leah Rosa Vulić (Bar No. 343520)
548 Market St. #85399
San Francisco, CA 94104
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@kr.law
jeff@kr.law
leah@kr.law

9
10
11
12
13

**CHANE SOCARRAS, PLLC**
Ruben E. Socarras (admitted *pro hac vice*)
327 Plaza Real #217
Boca Raton, FL 33432
Telephone: (561) 756-9469
Facsimile: (561) 708-6616
rsocarras@cslawfl.com

14
15

Attorneys for Defendant The Affiliati Network LLC

16
17

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

18
19
20
21
22
23
24
25
26
27
28

| | |
|---|---|
| **HARPO, INC.** and **OW LICENSING COMPANY, LLC,**<br><br>            Plaintiffs,<br><br>      v.<br><br>**EMBLAZE ONE INC., LIMITLESS X INC., LIMITLESS X HOLDINGS, INC., THE AFFILIATI NETWORK, LLC, SMILZ INC., JASPREET MATHUR, KENNETH HALLER,** and **JOHN DOES 1-30,**<br><br>            Defendants. | Case No. 2:23-cv-04459-JGB-AS<br><br>**DEFENDANT THE AFFILIATI NETWORK LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 8-10 AND 12**<br><br>Date: November 10, 2025<br>Time: 9:00 A.M.<br>Crtrm: 1, Second Floor<br><br>Judge: Hon. Jesus G. Bernal<br>Trial Date: April 21, 2026 |

Defendant, The Affiliati Network, LLC ("Affiliati") files this Reply in support of its Motion to Dismiss the First Amended Complaint (D.E. 109) filed by Plaintiffs, Harpo, Inc. ("Harpo") and OW Licensing Company, LLC ("OW") (collectively "Plaintiffs"). In support, Affiliati states:

## INTRODUCTION

In their Response (D.E. 137), Plaintiffs argue that Affiliati's Motion to Dismiss (D.E. 134) should be denied for two main reasons: 1) grouping the various defendants or incorporating allegations into the fourteen allegations is an acceptable practice, is not a shotgun pleading, and does not prevent Affiliati from answering the FAC; and 2) even if Plaintiffs' claims must be pled with particularity, the FAC meets the heightened pleading standard. But despite Plaintiffs' arguments, Plaintiffs' shotgun-style pleading, which undeniably lacks the requisite specificity for its fraud-based claims, violates Federal Rules of Civil Procedure 8, 9, and 10, and thus cannot withstand Affiliati's Rule 12(b)(6) Motion. The FAC lacks factual support as it pertains to Affiliati, the allegations remain conclusory and generalized, and the FAC fails to assert any factual nexus between Affiliati and the alleged infringing content. In other words, the leap from "Affiliati operates an affiliate network" to "Affiliati was involved in deceptive advertising" remains speculative at best. For the reasons stated herein and the Motion to Dismiss, none of Plaintiffs' arguments in the Response are persuasive, requiring dismissal of the FAC.

## I.   The FAC is an improper shotgun pleading in violation of Rules 8(a), 8(d), and 10(b).

As set forth in Affiliati's Motion to Dismiss, Plaintiffs' FAC violates the most basic pleading standards by lumping all defendants together and incorporating every preceding paragraph into each of its fourteen causes of action. Courts routinely dismiss such "shotgun pleadings" because they obscure which factual allegations apply to which defendants and prevent each

KRONENBERGER ROSENFELD

1  party from having fair notice of the claims asserted against them. The FAC

2  repeatedly alleges that "Defendants, and each of them," collectively engaged

3  in wrongful acts, without distinguishing between the Defendants. Plaintiffs'

4  Response claims the FAC "details the role of each defendant," but even in its

5  opposition, they rely on generalized statements such as Affiliati "facilitated" or

6  "played an integral role." Yet Plaintiffs still *do not* identify a single

7  advertisement, communication, or transaction involving Affiliati, nor who at

8  Affiliati did what, when, or how as it pertains to the purported misconduct.

9  Plaintiffs even acknowledge that Affiliati merely serves as a liaison between

10  advertisers and publishers—not as a creator or publisher of content.

11  Underscoring the FAC's scarce factual allegations, the Response even

12  goes as far as relying on marketing slogans, *outside the four corners of the*

13  *FAC*, from Affiliati's website (e.g., statements like "trusted partner", "curated

14  marketplace"), as evidence of its purported participation in the alleged

15  marketing scheme. However, not only are these statements inappropriate for

16  taking judicial notice[1] under Federal Rules of Evidence 201, but these generic

17  statements have no specific relation to any actionable conduct in this action.

18  The Court should therefore reject Plaintiffs' improper use of such materials as

19  a substitute for specific factual allegations.

20  Plaintiffs also attempt to justify grouping all defendants together by

21  invoking civil conspiracy, but they fail to sufficiently allege any agreement

22  between Affiliati and others, or facts supporting concerted action. As such, the

23  Court should reject this misplaced contention because Plaintiffs must still

24  _____

25  [1] Courts generally decline to take judicial notice of information from private

26  websites unless the accuracy of the information cannot reasonably be questioned. *See Genasys Inc. v. Vector Acoustics, LLC*, 638 F. Supp. 3d 115

27  (S.D. Cal. 2022); *Rollins v. Dignity Health*, 338 F. Supp. 3d 1025 (N.D. Cal. 2018); *Estate of Fuller v. Maxfield & Oberton Holdings, LLC*, 906 F. Supp. 2d

28  997 (2012).

KRONENBERGER ROSENFELD

1    allege each defendant's role in the alleged conspiracy, including how that

2    agreement was formed. Plaintiffs cannot use "conspiracy" as a shortcut to

3    impute liability without any factual support. Conclusory allegations of a

4    "common plan," as alleged, does not satisfy the pleading requirements of Rule

5    8 or 9 if the FAC fails to plead Affiliati's own misconduct. Notwithstanding

6    these issues, Plaintiffs' conspiracy argument ignores that 13 of its 14 claims

7    do not claim a civil conspiracy. Thus, it is evident from the Plaintiffs'

8    Response, that the FAC remains a textbook shotgun pleading improperly

9    attempting to group allegations and parties to disguise the absence of facts.

10         Additionally, each of the fourteen causes of action incorporates all prior

11   paragraphs into each count, regardless of relevance. Such wholesale

12   incorporation creates confusion, redundancy, and violates Rule 10(b), which

13   requires a "short and plain statement" limited to a "single set of

14   circumstances." Plaintiffs claim that incorporating prior paragraphs is "a

15   recognized method of pleading," or that Affiliati can use the same practice in

16   its Answer. However, the practice of incorporating all preceding allegations

17   into every cause of action (including allegations from all prior causes of action)

18   *is not an accepted practice*, as it causes confusion and violates Rule 8's clarity

19   and notice requirements. Courts consistently dismiss complaints that

20   indiscriminately incorporate all preceding paragraphs even when

21   incorporation itself is technically permitted. *See Destefano v. Kennedy*, No.

22   CVF081269LJODLB, No. CVF081269LJODLB, 2009 WL 63566, at *5, (E.D.

23   Cal. Jan. 8, 2009), *aff'd sub nom. Destfino v. Reiswig*, 630 F.3d 952 (9th Cir.

24   2011); *Corazon v. Aurora Loan Servs., LLC*, No. 11-00542 SC, 2011 WL

25   1740099, at *2 (N.D. Cal. May 5, 2011). In *Destefano*, the Court recognized

26   that "a shotgun complaint 'is replete with allegations that 'the defendants'

27   engaged in certain conduct, making no distinction among the [various]

28   defendants charged, though *geographic and temporal realities* make it plain

KRONENBERGER ROSENFELD

1  that all of the defendants could not have participated in every act complained

2  of.'" *Id.* (Emphasis in original.) *Destefano*, 2009 WL 63566, at *6. The FAC

3  here mirrors the kind of confusing, redundant, and imprecise pleading federal

4  courts condemn. *See Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir. 1965);

5  *Mazgaj v. Galvez*, No. 3:24-CV-00776-JAH-AHG, 2025 WL 642016, at *5

6  (S.D. Cal. Feb. 27, 2025) (dismissing complaint where it impermissibly asked

7  the court and defendants to piece together the claims alleged and speculate

8  as to which of the claims pertain to which defendant).

9       On this basis alone, the entire FAC should be dismissed.

10  **II.    The FAC Violates Rule 9(b) by Failing to Plead with Particularity.**

11       Plaintiffs argue that the Ninth Circuit has not "definitively addressed"

12  whether Rule 9(b) applies to Lanham Act claims, but district courts in this

13  Circuit widely and correctly apply Rule 9(b) to cases involving false, deceptive

14  and misleading advertising, including Lanham Act claims. For example, in

15  *Bobbleheads.com*, the court agreed with the weight of authority that Rule 9(b)

16  applies to Lanham Act claims sounding in fraud. *Bobbleheads.com, LLC v.

17  Wright Brothers, Inc.*, 259 F. Supp. 3d 1087, 1095 (S.D. Cal. 2017). The court

18  emphasized that Rule 9(b) requires a party alleging fraud to state with

19  particularity the circumstances constituting fraud, including "the who, what,

20  when, where, and how" of the misconduct charged. *Id.* Similarly, in *LT Intern.

21  Ltd.*, the court held that misrepresentation claims under the Lanham Act are

22  a species of fraud and must meet Rule 9(b)'s particularity requirement. *LT

23  Intern. Ltd. v. Shuffle Master, Inc.*, 8 F. Supp. 3d 1238, 1243 (D. Nev. 2014);

24  *see also, Transfresh Corp. v. Ganzerla & Assoc., Inc.*, 862 F. Supp. 2d 1009,

25  1016-18 (N.D. Cal. 2012).

26       Plaintiffs' FAC undoubtedly sounds in fraud as it is entirely based on

27  conduct involving "false, deceptive, and misleading" advertising and

28  misrepresentations in violation of the Lanham Act, among other allegations.

1   Therefore, since Plaintiffs' FAC must plead the "who, what, when, where, and
2   how" of the misconduct, it fails the heightened pleading test in multiple
3   respects. The FAC contains no allegations specifying the time, place, or
4   content of any of the alleged false or misleading advertisements made by
5   Affiliati or any acts it performed. Numerous general allegations (incorporated
6   into all causes of action) are pled only "upon information and belief" which
7   cannot substitute for concrete facts under Rule 9(b). (FAC, ¶¶18, 22, 40, 45,
8   53, 62-67, 69, 71-77, 89-90, 123.) *See O'Hagin's, Inc. v. UBS AG*, No.
9   SACV160716DOCJEMX, 2017 WL 11665635, at *6 (C.D. Cal. Feb. 9, 2017).
10  Screenshots of Defendants' allegedly deceptive advertisements (FAC, ¶¶54-
11  61) show no connection to Affiliati, nor do the FAC's generalized descriptions
12  of "affiliate marketing" (FAC, ¶¶45-53) demonstrate any actual act or omission
13  *by Affiliati*. These generic "background" allegations of how affiliate networks
14  supposedly operate are insufficient, particularly given the requirements of
15  Rule 9(b). Courts dismiss such complaints when they fail to attribute the
16  fraudulent conduct to a particular defendant. See *Semegen v. Weidner*, 780
17  F.2d 727, 731 (9th Cir. 1985).

18  Plaintiffs also argue that discovery will "tease out the details,"
19  acknowledging that Plaintiffs lack factual detail sufficient to overcome Rule
20  9(b)'s requirements. Rule 9(b) exists precisely to prevent plaintiffs from suing
21  first and attempting to discover later, to prevent such serious allegations from
22  being lodged at a defendant without any factual support. *Semegen*, 780 F.2d
23  at 731 (finding that Rule 9(b) "prevents the filing of a complaint as a pretext
24  for the discovery of unknown wrongs and protects potential defendants—
25  especially professionals whose reputations in their fields of expertise are most
26  sensitive to slander—from the harm that comes from being charged with the
27  commission of fraudulent acts.").

28  Because the FAC lacks factual specificity necessary to give Affiliati

KRONENBERGER ROSENFELD

1  notice of the alleged fraudulent conduct, the FAC is materially deficient.
2  Dismissal is therefore appropriate under Rule 9(b), and given the pervasive
3  pleading deficiencies, dismissal is warranted.

4  **CONCLUSION**

5  Based on the foregoing, the FAC should be dismissed in its entirety
6  pursuant to Fed. R. Civ. Proc. 12(b)(6), as an improper shotgun pleading that
7  violates Rules 8(a), 8(d), and 10(b) by failing to differentiate among
8  defendants or provide a clear, concise statement of the claims; and the FAC
9  fails to plead Plaintiffs' claims that sound in fraud with particularity as required
10  under Rule 9(b).

12  DATED: October 27, 2025          Respectfully Submitted,

14  **KRONENBERGER ROSENFELD, LLP**

17  By:  _____/s/ Karl S. Kronenberger_____
            Karl S. Kronenberger

20  **CHANE SOCARRAS, PLLC**
    Ruben E. Socarras
21  327 Plaza Real #217
22  Boca Raton, FL 33432
    (admitted *pro hac vice*)

24  *Attorneys for Defendant The Affiliati*
    *Network LLC*

KRONENBERGER ROSENFELD